# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANNER SLACK, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| CREDIT SERVICE COMPANY, INC. D/B/A UNITED REVENUE, | ) |
| Defendant. | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Tanner Slack, against Defendant Credit Service Company, Inc. d/b/a United Revenue ("United Revenue") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681, *et seq.* Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act (hereafter the "FCCPA"), Fla. Stat. § 559.72.

## THE PARTIES

1. Plaintiff Tanner Slack is an adult individual residing in Davenport, Florida.

2. United Revenue is a Colorado corporation with a principal place of business located at 2150 Lelaray St., Colorado Springs, CO 80909.

## JURISDICTION & VENUE

3. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

4.  This Court further possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state law and common law claims alleged here are related to the claims in this matter within original jurisdiction so as to be considered part of the same case or controversy.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

6.  Plaintiff is a "consumer" as that term is defined by the FCRA, FDCPA and FCCPA. 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3), Fla. Stat. §559.55(8).

7.  United Revenue is a "furnisher of information" and "debt collector" as those terms are defined by the FCRA, FDCPA and FCCPA. 15 U.S.C. §1681s-2(b), 15 U.S.C. §1692(a)(6), Fla. Stat. §559.55(7).

8.  United Revenue has been attempting to collect a debt related to a medical debt on behalf of Texas Medicine Resources that does not belong to Mr. Slack ("inaccurate information").

9.  The United Revenue account is an alleged debt that arose out of a transaction which was primarily for personal, family or household purposes.

10. United Revenue further furnished information to Experian related to the alleged debt who has included the false and inaccurate information in Plaintiff's credit files and in credit reports sold about him to credit grantors known and unknown.

11. The reporting of the United Revenue account to Plaintiff's credit reports constitutes "communications" relating to a "debt" as defined by the FDCPA and FCCPA. 15 U.S.C. §§ 1692a(2), 1692a(5), Fla. Stat. §559.55(2). Fla. Stat. §559.55(6).

12. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

13. Plaintiff has disputed the inaccurate information with United Revenue directly and through Experian by following Experian's established procedures for disputing consumer credit information.

14. Plaintiff first contacted United Revenue by telephone in January 2025 to advise that the debt did not belong to him.

15. Although United Review confirmed during this call that it would discontinue reporting the account to Experian, it never actually requested deletion of the tradeline from Plaintiff's Experian report.

16. Plaintiff was thus forced to dispute the inaccurate information with United Revenue and Experian in July 2025.

17. Upon information and belief, Experian provided United Revenue with notice of Plaintiff's disputes.

18. United Revenue negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from Experian, *inter alia*, by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

19. United Revenue also acted recklessly, *inter alia*, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

20. The activities described above were all done by United Revenue in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

21. United Revenue acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

22. United Revenue acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

23. United Revenue acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

24. United Revenue acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

25. United Revenue knew or should have known that their actions violated the FCRA, FDCPA and FCCPA. Additionally, United Revenue could have taken the steps necessary to bring its agents' actions within compliance but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

26. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

28. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### COUNT I – UNITED REVENUE
### VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. United Revenue violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. § 1681s-2(b).

31. The conduct of United Revenue was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

32. As a result of the violations of the FCRA by United Revenue identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

### COUNT II – UNITED REVENUE
### VIOLATIONS OF THE FDCPA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. United Revenue's actions as described above constitute violations of the FDCPA including but not limited to:

   (a) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) Falsely representing the character, amount, or legal status of a debt;

   (c) Communicating information that is known to be false;

  (d)  Using false and deceptive means to collect a debt; and

  (e)  Using unfair or unconscionable means to collect or attempt to collect a debt.

15 U.S.C. §§ 1692d, 1692e, and 1692f.

35. United Revenue's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and absent bona fide error.

36. United Revenue's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

37. As a result of the above violations of the FDCPA, United Revenue is liable to Plaintiff for damages to include: statutory damages, actual damages, costs of this action and attorney's fees.

## COUNT III – UNITED REVENUE
## VIOLATIONS OF THE FCCPA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. United Revenue's actions as described above constitute violations of the FCCPA including but not limited to:

  a. Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. Fla. Stat. § 559.72(5); and

      b. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72(9).

40. United Revenue's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and absent bona fide error.

41. United Revenue's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

42. As a result of the above violations of the FCCPA, United Revenue is liable to Plaintiff for damages to include: statutory damages, actual damages, costs of this action and attorney's fees.

## **JURY TRIAL DEMAND**

43. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k(a)(3), Fla. Stat. § 559.77(2); and

(e) Such other and further relief as may be necessary, just and proper.

Dated: January 25, 2026                                    Respectfully Submitted,

By: _____
Gregory Gorski, Esquire
Bar Number: 91365PA
**GORSKI LAW, PLLC**
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Fax: 215-893-8904
Email: greg@greggorskilaw.com

Attorneys for Plaintiff